**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

AMON RE,

        Plaintiff Pro Se,

        v.                                                                          No. CIV 96-0546 JC/DJS

NEW VISTAS,

        Defendant.

**MEMORANDUM OPINION AND ORDER ON MOTIONS
TO AMEND COMPLAINT AND TO STRIKE EXPERT WITNESSES**

THIS MATTER is before the Court on Plaintiff's Motion To Withdraw Reamended Complaint and To Amend Complaint *(Doc. 34),* filed March 17, 1998, Defendant's Motion To Strike, filed June 10, 1998 *(Doc. 46)*, and Plaintiff's Motion To Strike Expert Witnesses *(Doc. 53)*, filed July 15, 1998. The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities. The Court finds that Plaintiff's Motion To Withdraw Reamended Complaint and To Amend Complaint is well taken in part and will be granted in part. The Court further finds that Defendant's Motion To Strike Expert Witnesses is not well taken, and will be denied. The Court also finds that Plaintiff's Motion To Strike Expert Witnesses is well taken and will be granted.

**I.**     **Motion To Amend Complaint**

Plaintiff filed a second amended complaint *(Doc. 29)* on March 5, 1998. All parties agree that the second amended complaint was filed in violation of FED. R. CIV. P. 15(a) because the document was a second amended pleading, filed after Defendant's responsive pleading and without leave of the

Court. Plaintiff filed a prior amended complaint on July 17, 1996 *(Doc. 3)*, and Defendant New Vistas filed their Answer *(Doc. 11)* on September 16, 1996.

Plaintiff now seeks to follow the proper procedure by withdrawing the second amended complaint and requesting leave to resubmit the second amended complaint as his operative pleading. The proposed second amended complaint lists two defendants: New Vistas and the State of New Mexico. The State had been dismissed previously in this action. Both defendants object to the proposed amendment. The State of New Mexico objects on the grounds that it has been dismissed from the lawsuit and that the proposed amendment asserts no new theories of liability against it. Defendant New Vistas objects on the grounds that the proposed amendments are futile.

### A.    Content of the Proposed Amendment

Plaintiff seeks to amend two paragraphs of the Amended Complaint--paragraphs 10 and 19. Paragraph 10 presently reads:

> 10. Defendant New Vistas is an employer doing business in the State of New Mexico; Defendant employs fifteen (15) or more employees and engages in an industry affecting commerce within the meaning of 42 U.S.C. section 12111 (5). At all relevant times, Defendant has been a covered entity under 42 U.S.C. section 12111(2).

Plaintiff's proposed amendment would change the second clause by replacing "fifteen (15)" with "Three Hundred (300)" for the number of employees of New Vista.

Paragraph 19 presently reads:

> 19. Employer, conscious of Plaintiff's mental and physical impairments, coerced the Plaintiff, threatened the Plaintiff, and promoted compensation with the Plaintiff numerous times in violation of the New Mexico Human Rights Act 28-1-7 (A)(I).

Plaintiff's proposed amendment to paragraph 19 would modify that paragraph as follows:

> 19. Employer, conscious of Plaintiffs' [sic] mental and physical impairments, coerced the Plaintiff <u>in illegal activity and other matters</u>, threatened the Plaintiff, and promoted <u>or prevented employment benefits to</u> the Plaintiff numerous times in violation of the New Mexico Human Rights Act 28-1-7 (A)(I) <u>(J) and the Americans with Disabilities Act, ADA 1990</u>.

The underscored parts of the above paragraph indicate changes proposed by the Plaintiff's amendment.

### B. Defendant State of New Mexico's Objection to the Proposed Amendments

I dismissed all claims against the State of New Mexico by Memorandum Opinion and Order *(Doc. 10)* entered September 12, 1996. The claims were dismissed because they were barred by the Eleventh Amendment. Plaintiff's proposed amendments raise no new claims against the State of New Mexico. Therefore, I will deny Plaintiff's request to file an amended complaint against the State of New Mexico.

### C. Defendant New Vistas' Objections to the Proposed Amendments

Plaintiff's proposed amendment to paragraph 10 appears to be motivated by the limitation on punitive damages established in 42 U.S.C. § 1981a(b)(3). Plaintiff must establish that New Vistas has more than 200 employees in order to recover the $200,000 in damages that Plaintiff seeks. New Vistas objects to the proposed amendment of paragraph 10 on the grounds that the proposed amendment would be futile. New Vistas admitted the allegations of paragraph 10 in the first amended complaint. *See New Vistas' Answer to Compl., (Doc. 11)*, filed September 16, 1996, at ¶ 10. New Vistas denies that it employs three hundred or more employees in its response to the Plaintiff's motion. *See Def. New Vistas' Resp. (Doc. 39)*, filed April 1, 1998, at 3. Defendant claims that the

proposed amendment would be futile because Plaintiff is not "in a position to know how many employees New Vistas has" and "such information would have to come from New Vistas management under oath." *See id.*

Leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Supreme Court has reminded us that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although the decision to grant leave to amend is within the discretion of the trial court, leave to amend should be freely given unless there is a justifying reason for the denial. *See id.* Leave to amend may be denied if the amendment would be futile. *See id.*

An amendment is futile if the proposed amended complaint would not survive either a motion to dismiss or a motion for summary judgment. *See Bauchman v. West High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997); *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989). Unless a proposed amendment is clearly futile, conjecture about the merits of the amendment should not enter the decision of whether to grant leave to amend. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). There appears to be a genuine factual dispute as to the number of employees at New Vistas, and New Vistas has not supplied evidence that would support summary judgment on this issue. Therefore, New Vistas has not shown that the amendment to paragraph 10 is futile.[1]

I reach a different conclusion regarding paragraph 19. Plaintiff appears to be raising two new claims for the first time: that New Vistas coerced him to engage in illegal activity, and that New Vistas discriminated against him by "promot[ing] or prevent[ing] employment benefits" for him.

---

[1] Although Defendant does not raise the issue, I note that Plaintiff's amendment to paragraph 10 is not necessary because paragraph 10 of the original amended complaint alleged that New Vistas employed fifteen "or more" employees. Plaintiff could present evidence at trial that New Vistas employed more than 200 employees in order to support a damage award of up to $200,000. Nonetheless, the proposed amendment serves the useful purpose of highlighting a factual dispute between the parties as to the number of New Vista employees.

These vague claims are quite different from those raised by Plaintiff in his Equal Employment Opportunity Commission ("EEOC") and New Mexico Human Rights Division ("NMHRD") complaint.  The gravamen of Plaintiff's EEOC complaint was that New Vistas did not reasonably accommodate his request to reduce his work hours and coerced him to play basketball with a client when he was not physically capable of that activity.

Plaintiff cannot bring unrelated new claims under either the Americans with Disabilities Act or the New Mexico Human Rights Act unless those claims were first brought at the administrative level.  *See Amro v. Boeing Co.*, 951 F. Supp. 1533, 1553 (D. Kan. 1997) (applying the Title VII administrative exhaustion rule of *Archuleta v. Colorado Dept. of Insts.*, 936 F.2d 483, 489 (10th Cir. 1991) to the ADA); *Harris v. Ericson*, 457 F.2d 765, 766-67 (10th Cir. 1972) (requiring exhaustion of administrative remedies as a condition to filing suit under the New Mexico Human Rights Act); *Jaramillo v. J. C. Penney Co.*, 102 N.M. 272, 273, 694 P.2d 528, 529 (Ct. App. 1985) (requiring compliance with the grievance procedure of N.M. Stat. Ann § 28-1-10 as a prerequisite to suit under the New Mexico Human Rights Act ).  The new claims brought in paragraph 19 of the proposed amended complaint are unrelated to the claims raised by Plaintiff in his EEOC grievance.  Therefore, Plaintiff has failed to exhaust his administrative remedies as to those claims and the amendment would be futile.

## II.     Defendant's Motion to Strike

Plaintiff listed five expert witnesses in the Revised Initial Pretrial Report *(Doc. 31)*, filed March 11, 1998.  These witnesses included two treating physicians; Plaintiff's friend Susan Laslo (who is also a registered pharmacist); Plaintiff's worker's compensation attorney; and

Richard Bruno, who is the administrative director of post-polio service at the Kessler Institute of Rehabilitation. Plaintiff listed all of these experts as factual witnesses as well. Defendant New Vistas moves to strike all five experts because Plaintiff has not submitted the expert reports described in FED. R. CIV. P. 26(a)(2)(B).

Expert reports are required only for a "witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B). The Advisory Committee Notes to the 1993 Amendments to that rule make it clear that the requirement of a written report applies only to certain experts--those retained or specially employed to provide opinion testimony in the case under FED. R. EVID. 702. Treating physicians are specifically exempted from expert report disclosure by D.N.M.LR-Civ. 26.3(b).

The majority of the federal courts that have examined the issue conclude that Rule 26(a)(2)(B) does not require an expert report from a treating physician or other witness to the facts even though that "expert" offers opinion testimony. *See Sprague v. Liberty Mut. Ins. Co.*, 177 F.R.D. 78, 81 (D.N.H. 1998). *Sprague* points out that there is a "clear distinction" that is "both fair and logical" between the retained class of experts and those "unretained" experts, such as treating physicians, that are offering opinion testimony based on pre-litigation observation. Unretained experts can be effectively cross examined without the expert report because their opinions are based on pre-litigation observations and "invariably have files from which any competent trial attorney can effectively cross-examine." *Id.*

There are limits to the opinions that a treating physician or other "unretained expert" can give at trial without providing an expert report. Treating physicians and similar non-reporting experts can

-6-

offer opinion testimony as to diagnosis, prognosis, causation, and the like if those opinions are based on examination or treatment of the patient. *See Brown v. Best Foods*, 169 F.R.D. 385, 388-89 (N.D. Ala. 1996). "However, when the doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)." *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995). "[A] treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of the provider would be specifically retained notwithstanding that he [or she] also happens to be the treating physician." *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995).

Plaintiff's response to the motion to strike notes that all the witnesses listed as "experts" are treating physicians exempted by the local rule from the expert report disclosure requirement, or are essentially factual witnesses, testifying about their interactions with Plaintiff. Plaintiff's proffer in the Initial Pretrial Report bears this out. I find no evidence that they are specially retained experts for which an expert report is required. The only "expert" witness to which FED. R. CIV. P. 26(a)(2)(B) might apply is Richard Bruno. However, Plaintiff lists Bruno as a factual witness as well, and proffers that he will testify on factual medical information concerning the Plaintiff's polio. If Defendant's *voir dire* of these witnesses at trial indicates that they are, in fact, the type of specially retained experts for which an expert report is required, Defendant may renew this objection.

Defendant New Vistas argues in its reply that the pro se Plaintiff is bound by his designation of these witnesses as expert witnesses, and therefore they should not be allowed to testify as factual witnesses. Defendant cites absolutely no authority for this novel assertion. Defendant listed these

witnesses as both factual and expert witnesses. Defendant's motion to strike these witnesses will be denied.

### III.   Plaintiff's Motion to Strike

Plaintiff moves for an order striking any expert witnesses that Defendant New Vistas may seek to call at trial. As grounds for the motion, Plaintiff notes that New Vistas has not disclosed the identities of any potential expert witnesses and the deadline for disclosure has passed. As an initial matter, Defendant New Vistas has not responded to Plaintiff's motion to strike, and failure to file a response in opposition to a motion constitutes consent to grant the motion. *See* D.N.M.LR-Civ. 7.5(b).

Defendant New Vistas' Motion to Strike *(Doc. 46)* and its Reply in Support of Motion to Strike *(Doc. 50)* claim that Defendant was unable to identify its experts because of Plaintiff's failure to provide expert reports. As I indicated *supra*, expert reports are not required for treating physicians and certain other "unretained expert" witnesses. Expert reports were not required for Plaintiff's witnesses. Therefore, Defendant New Vistas was free to depose these witnesses and identify any experts to call as rebuttal witnesses. With trial a month away, Defendant New Vistas has not identified any expert witnesses. I, therefore, will grant Plaintiff's motion.

Wherefore,

IT IS ORDERED that Plaintiff's Motion To Withdraw Reamended Complaint and To Amend Complaint *(Doc. 34)* be, and hereby is, **granted in part**. Plaintiff is granted leave to file a Second Amended Complaint in this matter. The Second Amended Complaint shall be identical to the Amended Complaint *(Doc. 3)* except that paragraph 10 of the Second Amended Complaint shall be

as indicated in the proposed amendment accompanying Plaintiff's motion.  The Second Amended Complaint shall be filed against Defendant New Vistas and not against the State of New Mexico.

IT IS FURTHER ORDERED that Defendant New Vistas' Motion To Strike *(Doc. 46)* be, and hereby is, **denied**.

IT IS FURTHER ORDERED that Plaintiff's Motion To Strike *(Doc. 53)* be, and hereby is, **granted**.  Defendant New Vistas shall not present at trial any expert testimony from any witness who is retained or specially employed to provide expert testimony in the case.

DATED this 18th day of September, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Plaintiff *Pro Se*:

    Amon Re
    Albuquerque, New Mexico

Counsel for Defendants:

    Robert C. Conklin
    Jacqueline M. Woodcock
    Keleher & McLeod, P. A.
    Albuquerque, New Mexico

    Barbara Pryor
    Wilson and Pryor, P. C.
    Albuquerque, New Mexico